IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                             Case No. 05-3268-SAC
                                                      99-40061-01-SAC

WILLIAM J. JOHNIGAN, JR.,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the court on defendant's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] Defendant's motion contends that enhancements to his base level offense are unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), in violation of his Sixth Amendment right to a jury trial, because they were imposed by the judge rather than considered by a jury.

---

[1] This motion was initially docketed as a § 2255 motion. Defendant subsequently requested that it be docketed and characterized a § 3582 motion instead, and the court did so. *See* Dk. 76, 77.

The statute invoked by defendant permits a court to modify a sentence upon motion of the defendant only in the event a "sentencing range...has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). Defendant does not contend that any such action has been taken by the Sentencing Commission. Instead, defendant contends that *Booker* and *Blakely* render his sentence unconstitutional.

Section 3582(c)(2) does not permit a reduction in sentence based on Supreme Court decisions that are unrelated to an actual amendment of the guidelines. *See United States v. Privette*, 129 Fed. Appx. 897, 899, 2005 WL 995951, *1 (5th Cir.), *cert. denied*, 126 S. Ct. 295 (2005); *Hayes v. United States*, 2005 WL 1523491, at *2 (7th Cir. June 29, 2005); *see also United States v. Burkins*, 2005 WL 3278033, *1 (10th Cir. Dec. 5, 2005) (rejecting *Booker* and *Blakely* claims and finding defendant not entitled to relief pursuant to 18 U.S.C. § 3582(c)(2) because his sentencing range was not lowered by the Sentencing Commission after he was sentenced); *United States v. Clayton*, 92 Fed. Appx. 703, 2004 WL

389465 at *2 (10th Cir. Mar 03, 2004) (finding "Apprendi-type claims cannot be brought under 18 U.S.C. § 3582(c)(2) for modification of a sentence, because they do not relate to a lowering of sentence ranges."); *United States v. Culp*, 2005 WL 1799252, *2 (D. Kan. 2005) (finding § 3582(c)(2) is not a statutory vehicle for advancing *Booker* and is not a means to attack the constitutionality of a sentence.)  This court therefore lacks jurisdiction under Section 3582(c)(2) to modify defendant's sentence.

Although § 2255 may have provided a jurisdictional basis for the relief defendant seeks, district courts should not sua sponte recharacterize a post conviction petition as a § 2255 motion when, as here, the recharacterized petition would be an initial § 2255 motion.[2] *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002); *See also Castro v. United States*, 540 U.S. 375 (2003) (Court must warn pro se litigant

---

[2] The court agrees with the government's assessment that defendant has not filed any § 2255 motion prior to the present motion.  *See* Dk. 69 (initially filed as § 2255 motion); Dk. 75 (granting motion to delete all references to § 2255 in Dk. 69); Dk. 78, p. 2 (government's contention that no prior § 2255 motion has been decided by the court).

about consequences of recharacterizing a motion as a first § 2255 motion). Accordingly, and despite the government's approach to the motion, the court does not construe defendant's present motion as one pursuant to § 2255.

Nonetheless, had the court done so, defendant would not be entitled to relief because the Tenth Circuit has expressly held that neither *Blakely* nor *Booker* applies to an initial § 2255 motion. *See United States v. Price*, 400 F.3d 844, 849 (10th Cir.) ("[W]e hold that *Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."), *cert. denied*, --- S. Ct. ---- , 2005 WL 3144122  (2005); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) ("Thus, like *Blakely*, *Booker* does not apply retroactively on collateral review, and [petitioner's] claim may not be brought in this initial habeas review under 28 U.S.C. § 2255.").[3]

---

[3] The court does not construe defendant's motion as one under section 2255, given the court's previous grant of defendant's request that the motion be construed instead as a § 3582 motion.  The court makes this observation solely to foreclose a subsequent claim by defendant that the court erroneously failed to construe the present motion as a § 2255 motion.

IT IS THEREFORE ORDERED that defendant's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

Dated this 13th day of December, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge